UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 31 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Duane O'Malley, ) | |
| ) | |
| Petitioner, ) | Case: 1:15-cv-01412 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 8/31/2015 |
| ) | Description: Pro Se Gen. Civil |
| Gina McCarthy,[1] Administrator ) | |
| Environmental Protection Agency, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner, a prisoner proceeding *pro se*, has filed a Petition for a Writ of Mandamus and an application to proceed *in forma pauperis*. The application will be granted and the petition will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Currently incarcerated at the Federal Correctional Institution in Lisbon, Ohio, petitioner seeks a writ of mandamus to compel the Administrator of the Environmental Protection Agency to comply with a notice provision set out at 42 U.S.C. § 7413. Petitioner states that he was "unjustly convicted" of violating the statute "as a result of him not receiving prior notification of non-compliance with the Illinois State implementation Plan." Compl. ¶ 10.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted).

---

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).

Mandamus relief is not appropriate when another adequate remedy is available. *LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996); *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) (where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie.").

Because petitioner's legal standing rests on his conviction in the U.S. District Court for the Central District of Illinois, *see generally United States v. O'Malley*, 739 F.3d 1001 (7th Cir. 2014), he cannot obtain mandamus relief. *See Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) ("[I]t is well-settled that a prisoner seeking relief from his conviction or sentence may not bring [an action for injunctive and declaratory relief].") (citations omitted). Petitioner's remedy lies exclusively in the sentencing court by motion under 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). Consequently, this mandamus action will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: August 31, 2015